# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 378 | **DATE** | 5/5/2011 |
| **CASE TITLE** | Henderson vs. Pierce et al | | |

**DOCKET ENTRY TEXT**

The Court denies Respondent's motion to dismiss [17]. Respondent must respond to the merits of Petitioner's habeas petition by no later than 6/10/11. Petitioner's reply is due on or before 7/1/11.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On January 18, 2011, Petitioner Johnnie Henderson filed the present habeas petition pursuant to 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss without prejudice based on Henderson's "mixed" habeas petition. For the following reasons, the Court denies Respondent's motion to dismiss. Respondent must respond to the merits of Henderson's habeas petition by no later than June 10, 2011. Henderson's reply is due on or before July 1, 2011.

## BACKGROUND

On December 19, 2001, a jury convicted Henderson of first-degree murder in the Circuit Court of Cook County after which the Circuit Court sentence him to 75 years imprisonment. On September 10, 2003, the Illinois Appellate Court affirmed his conviction and sentence. The Supreme Court of Illinois then denied Henderson's petition for leave to appeal ("PLA").

Thereafter, Henderson filed a post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq.,* that the Circuit Court denied. He then appealed his post-conviction petition to the Illinois Appellate Court. On July 27, 2010, the Illinois Appellate Court affirmed the Circuit Court's denial of his post-conviction petition. On approximately August 27, 2010, Henderson filed a PLA that the Supreme Court of Illinois denied on November 8, 2010.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Meanwhile, Henderson filed a motion for relief from judgment pursuant to 735 ILCS 5/2-1401, that the Circuit Court denied on October 5, 2010. Henderson's appeal from the denial of his motion for relief of judgment is currently pending in the Illinois Appellate Court.

## HABEAS PETITION

On January 18, 2011, Henderson filed the present pro se petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(d). Construing Henderson's pro se habeas petition liberally, *see Martin v. Bartow,* 628 F.3d 871, 878 (7th Cir. 2010), he brings the following habeas claims: (1) his trial counsel was constitutionally ineffective for failing to order a DNA test, failing to move to suppress evidence, failing to call expert or other witnesses, and failing to make a record of the pretrial publicity; (2) his post-conviction counsel was constitutionally ineffective for conceding that his post-conviction filings were successive petitions, rather than amended petitions, which prevented him from raising all of his post-conviction claims; (3) the trial court violated the double jeopardy clause of the Fifth Amendment by instructing the jury as to both the felony murder and underlying murder; (4) the trial court violated his right to a fair trial and right to be found guilty beyond a reasonable doubt by giving jury instructions that shifted the burden of proof and misstated elements of the offense; (5) the State violated his right to a fair trial by constructively amending the grand jury indictment through evidence and arguments presented at trial; (6) the trial court violated his right to an impartial jury by preventing full voir dire regarding pretrial publicity; (7) the trial court violated his Sixth Amendment rights when the court sentenced him based on facts not charged in the indictment and not submitted to the jury pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000);
(8) his extended-term sentence was based on an unconstitutional statute; and (9) the trial court violated the confrontation clause of the Sixth Amendment by admitting into evidence a co-defendant's confession. Henderson also brings a "Brady claim" pursuant to the Fourth Amendment which is not cognizable on collateral review pursuant to *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

## LEGAL STANDARD

Before bringing a habeas claim in federal court, a habeas petitioner must exhaust all remedies available to him in state court. *See Gonzales v. Mize,* 565 F.3d 373, 380 (7th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Gray v. Hardy,* 598 F.3d 324, 327 (7th Cir. 2010). "A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted). Procedural default precludes federal court review of a petitioner's habeas claims. *See Johnson v. Pollard,* 559 F.3d 746, 752 (7th Cir. 2009).

## ANALYSIS

In the present motion, Respondent argues that Henderson's habeas petition contains both exhausted and unexhausted habeas claims, and thus the Court should dismiss Henderson's petition without prejudice. In particular, Respondent relies upon the fact that Henderson filed a motion for post-judgment relief pursuant to 735 ILCS 5/2-1401 that is still pending in the Illinois Appellate Court. Despite Respondent's argument to the contrary, a pending motion for post-judgment relief is not relevant to the Court's exhaustion analysis.

To clarify, under the Illinois Code of Civil Procedure, Section 2-1401, litigants, including criminal defendants, can challenge the facts underlying a final judgment. *See People v. Pinkonsly,* 207 Ill.2d 555, 562, 280 Ill.Dec. 311, 802 N.E.2d 236 (Ill. 2003); *People v. Haynes,* 192 Ill.2d 437, 460-61,

249 Ill.Dec. 779, 737 N.E.2d 169 (Ill. 2000). Specifically "[a] section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *Haynes,* 192 Ill.2d at 461, 249 Ill.Dec. 779, 737 N.E.2d 169. In short, Section 2-1401 only addresses factual issues – not legal or constitutional issues – and thus serves a different purpose than the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq. See People v. Bramlett,* 347 Ill.App.3d 468, 472, 282 Ill.Dec. 663, 806 N.E.2d 1251 (Ill.App.Ct. 2004); *see also People v. Welch,* 376 Ill.App.3d 705, 711, 315 Ill.Dec. 647, 877 N.E.2d 134 (Ill.App.Ct. 2007) (purpose of post-conviction act "is to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously."). As the Supreme Court of Illinois teaches, the post-conviction hearing act "provides a different form of statutory relief than does section 2-1401, notwithstanding that it, like section 2-1401, allows for collateral relief from judgments, albeit only collateral relief in criminal cases for constitutional violations." *People v. Vincent,* 226 Ill.2d 1, 11, 312 Ill.Dec. 617, 871 N.E.2d 17 (Ill. 2007).

Because Henderson directly appealed his conviction and sentence, including filing a PLA with the Supreme Court of Illinois, and filed a post-conviction petition through one full round of state court review, his claims are exhausted. *See Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004) ("petitioner [must] assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings."). Whether he has procedurally defaulted these claims, however, is entirely a different matter that Respondent should address while addressing the merits of Henderson's habeas petition. *See Crockett,* 542 F.3d at 1192 ("A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'"). As such, the Court denies Respondent's motion.